UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P66-M

**BRUCE SHUMAKE**                                                                                   **PLAINTIFF**

**v.**

**GRAYSON COUNTY DETENTION CENTER**
**BILLY JOE PIERCE**                                                                             **DEFENDANTS**

## MEMORANDUM OPINION

The plaintiff, who is currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to allege exhaustion of his available administrative remedies, the instant action must be dismissed.

### I. SUMMARY OF CLAIMS

The plaintiff brings suit against the Grayson County Detention Center and its Correctional Officer Billy Joe Pierce, who the plaintiff sues in her individual capacity. He complains about an incident of sexual harassment which occurred on April 25, 2004, during his detention as a pretrial detainee at the Grayson County Detention Center. More specifically, the plaintiff claims that on that date, he requested an alcohol pad, which he had done on several prior occasions, to treat a genital condition. Defendant Pierce informed him that the rules had changed and that in order for him to receive an alcohol pad, she must observe the use of it. The plaintiff stated, "You don't want to see where I have to use this," and he then asked to treat himself in the restroom and to return the used pad to her for disposal. Defendant Pierce,

nevertheless, insisted that the plaintiff use the alcohol pad in front of her. The plaintiff unwillingly complied, during which time Defendant Pierce "acted unproffessionally and inappropriately by looking and laughing and simultaneously apologizing by declaring . . . 'I'm sorry, but this is a new rule!'" The plaintiff claims that there was no new rule and that the incident "was no more than an intentional act to 'belittle' Petitioner and to embarrass him." He reports that several inmates witnessed the incident as did two, male, correctional officers, Gleafus Stevenson and Cledus Stevenson, who did nothing to prevent it. The plaintiff seeks "compensation for the misconduct of a state actor acting under the color of state law to degrade and sexually harrass Petitioner as well as the failure of others who had knowledge of this occurrance to protect from such misconduct."

## II. ANALYSIS

The Prison Litigation Reform Act of 1995 ("PLRA") established an administrative exhaustion requirement codified at 42 U.S.C. § 1997e(a). Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In enacting this provision, Congress clearly imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies is now mandatory, rather than discretionary. *Id.*; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). "[T]he purpose of the exhaustion requirement is to provide states the first opportunity to resolve problems themselves, [and] an inmate who has not pursued available administrative remedies may not yet proceed in federal court." *Thomas v. Woolum*, 337 F.3d

720, 726 (6th Cir. 2003). In fact, "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

"[A] prisoner who has presented his or her grievance through one complete round of the prison process has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a)." *Thomas v. Woolum*, 337 F.3d at 733. A prisoner "does not exhaust his administrative remedies when he fails to commence the grievance process or to run the gamut of potential appeals," *id.* at 726-27, and he "cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). A prisoner must also "administratively exhaust his or her claim as to each defendant associated with the claim," *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003); *Hartsfield v. Vidor*, 199 F.3d at 309, and complete exhaustion of administrative remedies is required even if the administrative process cannot provide the plaintiff with the relief he seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The plaintiff has the burden of pleading exhaustion of his administrative remedies. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). To establish exhaustion of available administrative remedies, a prisoner should attach to his complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d at 1104. If written documentation is not available, a prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d at 642.

The Grayson County Detention Center has an inmate grievance procedure in place. *See* Policy XII-600 (referencing 501 KAR 3:140 E 6). Under the procedure, "[a] grievance shall be made in the form of a written statement by the inmate promptly following the incident, sealed in an unstamped envelope and addressed to the jailer or his designee." *Id.* at No. 1. "Any inmate who submits a grievance to the jailer or jis [sic] designee will receive a response in 7 days following the investigation of the grievence [sic], to include findings and actions taken by the jailer." *Id.* at No. 5. "If not satisfied with the disposition by the jailer, the inmate shall be furnished paper, pencil, and an envelope in order to set forth his grievance in writing and his objection to the disposition of the grievance. The inmate's appeal letter will then be forwarded to County Judge/Executive." *Id.* at No. 6.

In the instant action, the plaintiff has wholly failed to meet his burden of demonstrating complete exhaustion of available administrative remedies prior to filing suit. He has neither attached a copy of any grievance nor alleged, with particularly or otherwise, that he has filed a grievance with respect to the incident about which he complains.

"A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (citations omitted).

> [A] plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, [must] also not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

*Id.*

The instant action must therefore be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).  *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004) ("A dismissal under § 1997e should be without prejudice."), *cert. denied*, *Allen v. Corr. Corp. of Am.*, 125 S. Ct. 1639, 2005 WL 637210 (U.S. Mar. 21, 2005).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Grayson County Attorney
4414.005